UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| NORMAN ALAN KERR, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:19-CV-170-REW |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ORMOND, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Norman Alan Kerr is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Kerr filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. DE 1. Kerr claims that his 2009 federal conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The matter is fully briefed.[1]

Ultimately, Kerr has failed to demonstrate that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. Kerr stipulated at trial to the elemental change ultimately wrought by *Rehaif*. As a result, the Court denies his petition.

In 2009, a federal grand jury in the Middle District of North Carolina indicted Kerr, charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). *See United States v. Norman Alan Kerr*, No. 1:09-cr-290-NCT, at E.C.F. No. 1. At his jury trial, Kerr, through his attorney, stipulated that he was previously convicted of a

---

[1] In its Response, the Government notes that it received two submissions from Kerr that were not filed in the docket. DE 13 at 3. The Court is not considering materials tendered by Kerr to the United States but not filed by him in the record.

crime punishable by a term of imprisonment exceeding one year **and that he knew of this conviction**. *See id.* at E.C.F. No. 51-2 at 40. The prosecutor read that stipulation to the jury:

> [T]he Defendant, Norman Alan Kerr, and the United States of America by and through their respective attorneys do hereby stipulate and agree to the following: One, the parties stipulate that at the time of this offense, the Defendant, Norman Alan Kerr, is the same person who was convicted on October the 31st of 2008 in the District Court, Forsyth County, Winston-Salem, North Carolina of a crime punishable by imprisonment for a term exceeding one year and that he knew that he had such conviction.

*Id.* The jury found Kerr guilty of being a felon in possession of a firearm, *see* E.C.F. No. 23, and the district court sentenced him to 268 months in prison, *see* E.C.F. No. 41.

Kerr appealed, and the Fourth Circuit vacated his sentence and remanded for resentencing in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *See Kerr,* No. 1:09-cr-290-NCT, at E.C.F. No. 75. At resentencing, the district court again imposed a 268-month sentence. *See id.* at E.C.F. No. 108. Kerr appealed once more, but the Fourth Circuit affirmed the district court's judgment. *See United States v. Kerr*, 737 F.3d 33 (4th Cir. 2013). The Court concluded that Kerr in fact had a prior qualifying felony. *See id.* at 39 ("Because the maximum possible prison sentence that Kerr *faced* for his prior state convictions exceeded one year, and because that potential punishment was far from hypothetical, we hold that Kerr's prior state convictions qualify as predicate felonies for sentencing under the ACCA."); *id.* ("As we have already explained, Kerr faced a presumptive maximum sentence of 14 months' imprisonment for his state convictions. Therefore, Kerr has the requisite predicate felony for his § 922(g)(1) conviction."). Though Kerr continues to gripe over the merits of that ruling, and to cling to points in the dissent, whether he in fact had an actual prior felony is a decided issue and not subject to review here under § 2241.

Kerr, following direct appeals, subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Kerr,* No. 1:09-cr-290-NCT, at E.C.F. No. 150. The assigned United States Magistrate Judge recommended that the district court dismiss Kerr's motion, and, in her

opinion, recognized that Kerr had stipulated at trial that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year and that he knew of this conviction. *See id.* at E.C.F. No. 171 at 5. The district court then adopted the Magistrate Judge's recommendation and denied Kerr's motion. *See id.* at E.C.F. Nos. 188, 189. Kerr appealed, and the Fourth Circuit dismissed that appeal. *See id.* at E.C.F. No. 198. His § 2255 effort included a broad panoply of claims—from verdict irregularity, to proof, to conduct by his counsel, the prosecutor, and the judge. E.C.F. No. 171, at 7–8. Nowhere did the claim roster challenge his consent to or entry into the stipulation (nominally Exhibit 37, as read to the jury) referencing Ward's prior felony conviction and knowledge of same.

Kerr now pursues relief via § 2241. DE 1. Kerr claims that his 2009 conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's intervening decision in *Rehaif*. *See id.* Thus, Kerr asks this Court to "reverse [his] conviction." *Id.* at 1.

*Rehaif* affected the § 922 elements. In essence, the decision construed the statute to require knowledge by a defendant both that he possessed a firearm **and** that he fell within a prohibited status. *See Rehaif*, 139 S. Ct. at 2200 ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). Kerr attempts to claim innocence by virtue of *Rehaif*'s clarification of the crime.

Kerr's petition fails in this context. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is typically a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence

3

is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The saving clause of § 2255(e) does create a narrow relief portal, with particular requirements. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (outlining remedial requirements). And § 2255 surely would offer Kerr no relief here, because of time-bar and/or successiveness prohibitions. In a scenario such as this, the Sixth Circuit has explained that a prisoner can proceed via the saving clause only if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten,* 677 F.3d at 307–08. The Government concedes all but the fourth element.[2]

Kerr falters at step four. He is unable to show that, in light of the Supreme Court's decision in *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. After all, in *Rehaif*, the Supreme Court held that the Government must prove that a defendant possessed a firearm while being aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner); *Walker v. Quintana*, No. 5:19-cv-321-

---

[2] Uncontested, so the Court accepts. DE 13 at 5. *Rehaif* did involve statutory interpretation that was arguably new. The Supreme Court issued it in 2019, six years after the end of Kerr's direct appeal. Retroactivity perhaps is an open issue, though the Sixth Circuit has counselled that substantive changes narrowing elemental definition of a crime typically would qualify for retroactive treatment. *See Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018) ("Substantive decisions that 'narrow the scope of a criminal statute by interpreting its terms' apply retroactively to cases on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 620–621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998))."). The Court treats *Rehaif* as retroactive based on the Government's concession.

DCR, 2019 WL 6310722, at *3 (Nov. 25, 2019) (discussing and applying the holding in *Rehaif* to a § 2241 petition). Here, Kerr stipulated at trial that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year **and** that he knew of this conviction. *See Kerr,* No. 1:09-cr-290-NCT, at E.C.F. No. 51-2 at 40. This factual stipulation was a formal concession that had the effect of withdrawing the fact from issue and thus was conclusive in Kerr's case. *See Christian Legal Society v. Martinez*, 561 U.S. 661, 677–78 (2010). In light of Kerr's clear stipulation, he has not demonstrated that it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm. The established felony alone would support a knowledge inference. *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020) (in plain error context) ("That's because he stipulated at trial that he had a prior felony conviction. Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."). Here, Kerr conceded both the felony and his awareness of such conviction, particularly a conviction for "a crime punishable by imprisonment for a term exceeding one year." *Kerr,* No. 1:09-cr-290-NCT, at E.C.F. No. 51-2 at 40. This was uncontested proof of status knowledge and forecloses the claim of actual innocence. Kerr even stipulated, "[N]or had the Defendant, Norman Alan Kerr, been pardoned or had his right to possess firearms restored." *Id.* at 41. A reasonable juror surely would here have convicted on such proof.

To be sure, Kerr tries several side arguments—now challenging the stipulation, challenging the felony qualification, and advancing other vagueness claims. None of those theories fits into the saving clause portal. Kerr made and lost many ineffective assistance claims before. None of those included an assault on his consent to stipulate, and that theory is not proper now under § 2241.[3]

---

[3] Certainly, stipulation validity could involve an assessment of client consent, authorization, and awareness. A stipulation of this type falls under the venerable *Old Chief* model. The Court does not analyze where on the continuum (between *Gonzalez v. United States,* 128 S.Ct. 1765 (2008) and *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018)) this type of lawyer act falls. Suffice it to say that Kerr registered no complaint about the stipulation at trial, and he did not contest the stipulation in his direct appeal or § 2255 undertakings where

5

Further, as noted, the Fourth Circuit fully adjudicated the felony qualification—*Rehaif* does not touch what conviction qualifies, so *Rehaif* does not reopen that matter here. Finally, the inscrutable suggestions about statutory vagueness does not track *Rehaif*; again, that case addressed only the scienter requirement of § 922.  Kerr's time for generalized challenges or constitutional theories has long since passed. Section 2241 allows assessment of whether the proof would satisfy *Rehaif*. It does not revivify lapsed potential claims targeting Kerr's lawyer, the prosecution, or the validity of the adjudicated parts of the underlying case.

Finally, Kerr filed an interim "emergency" petition alleging "extraordinary and compelling" circumstances and Eighth Amendment claims. DE 20. The parties briefed this intervening matter. DE 21, 22. Construing this broadly,[4] Kerr seeks to hasten the Court's handling of his § 2241 and perhaps also to ensure adequate medical treatment by the BOP. The "extraordinary and compelling" language echoes § 3582, but Kerr does not pursue such relief.  To the extent he seeks to challenge the conditions of his confinement, § 2241 is not the vehicle. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("The BOP is correct that conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241."); *Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) ("His claims regarding the conditions of his confinement were properly dismissed because they are not cognizable under § 2241.").

The Court thus denies any request sought, via this process, in DE 20.

Accordingly, the Court hereby **ORDERS**:

---

he specifically litigated the felony qualification.  This surely would have been a place to challenge whether the validly agreed to the stipulation.

[4] The Court evaluates *pro se* filings under a relatively lenient standard. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

1. The Court **DENIES** DE 1. A corresponding Judgment follows; and

2. The Court **DENIES** DE 20, to the extent that it requests relief, immediate or otherwise.

This 30th day of November, 2020.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge